# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

ERRIC WALKER, STEVE RICKETTS, )
and VICKIE ATCHLEY, on behalf of )
themselves and all others ) CASE NO. 3-02-1078
similarly situated, )
  ) **JUDGE TRAUGER**
  Plaintiffs, )
  ) **JOINT STIPULATION**
vs. ) **OF SETTLEMENT**
  )
RYAN'S FAMILY STEAK )
HOUSES, INC., )
  )
  Defendant. )
_____ )

This Joint Stipulation of Settlement ("Joint Stipulation") is made and entered into by and between defendant RYAN'S RESTAURANT GROUP, INC. f/k/a RYAN'S FAMILY STEAK HOUSES, INC., ("Ryan's"), on the one hand, and ERRIC WALKER, STEVE RICKETTS, and VICKIE ATCHLEY ("Representative Plaintiffs" or "Plaintiffs"), on behalf of themselves and on behalf of all others similarly situated as hereinafter more particularly defined (the "Eligible Class"), on the other hand, in the action pending in the United States District Court for the Middle District of Tennessee (the "Court"), Case No. 3-02-1078 (the "Action") subject to the terms and conditions hereof.

1. <u>Definitions</u>: For the purposes of this Joint Stipulation, the following terms shall carry the following accompanying definitions:

   a. "Action": *Walker, et. al., v. Ryan's Family Steak Houses, Inc.,* United States District Court for the Middle District of Tennessee (the "Court"), Case No. 3-02-1078.

   b. "Claim Deadline": The date by which Claim Forms must be post-marked or received by the Settlement Administrator, namely, 60 days from original mailing of Notice, in order for Eligible Class Members to be included in the Settlement Class.

   c. "Claim Form": The form attached hereto as <u>Exhibit 2</u>.

d. "Claim Share":  The amount of money allocated to each Settlement Class Member pursuant to Section 8(d) of this Joint Stipulation.

e. "Class Counsel":  Counsel for the Plaintiffs, Stewart, Estes & Donnell.

f. "Complaint":  The Complaint filed by the Representative Plaintiffs in the Action.

g. "Court":  The United States District Court for the Middle District of Tennessee.

h. "Disbursement Date":  The date which is fifteen (15) business days after the date upon which the Final Order of Dismissal entered by the Court has become final and non-appealable.

i. "Eligible Class" and/or "Eligible Class Member(s)":  Present and former hourly-paid restaurant employees (including, but not limited to, servers, cooks, meat cutters, dishwashers, and other hourly-paid employees) who were employed by Ryan's for any period of time between November 12, 1999 and August 2, 2005 ("Recovery Period").

j. "Final Order of Dismissal":  The Order attached hereto as Exhibit 4 dismissing with prejudice the claims of the Settlement Class who are to be identified in a spreadsheet attached to said Order.

k. "Notice":  The Notice of Settlement form attached hereto as Exhibit 1.

l. "Parties":  The Representative Plaintiffs and Ryan's.

m. "Questionnaire":  The form attached hereto as Exhibit 3.

n. "Recovery Period":  November 12, 1999 through August 2, 2005.

o. "Representative Plaintiffs":  The individuals who are the named Plaintiffs on the Complaint filed in the Action; namely, Erric Walker, Steven Ricketts, and Vickie Atchley.

p. "Ryan's Counsel":  Counsel for the Defendant, Nexsen Pruet, LLC, and Constangy, Brooks & Smith, LLC.

q. "Settlement": The agreement between the Parties set forth in this Joint Stipulation and in the settlement confirmation letter dated February 7, 2006 attached hereto as <u>Exhibit 5</u>.

r. "Settlement Administrator": Garden City Group, Inc., ("Garden City"), P. O. Box 91136, Seattle, Washington 98111-9236.

s. "Settlement Class" or "Settlement Class Member(s)": Those Members of the Eligible Class who timely file Claim Forms.

2. On November 12, 2002, the Representative Plaintiffs, Erric Walker, Steve Ricketts, and Vickie Atchley brought this lawsuit in the United States District Court for the Middle District of Tennessee against Defendant Ryan's Family Steak Houses, Inc., ("Ryan's") on behalf of themselves and all other past and present similarly-situated restaurant employees of Ryan's who were paid on an hourly basis in any position (including, but not limited to, servers, cooks, meat cutters, dishwashers, and other hourly-paid employees), alleging that they are owed unpaid wages and overtime pay under the federal Fair Labor Standards Act ("FLSA").

Ryan's denies Plaintiffs' allegations and denies any wrongdoing, and has vigorously opposed the claims made against it. This Settlement is a compromise of disputed claims and defenses and should not be construed as any evidence of wrongdoing whatsoever by Ryan's.

3. The Parties have conducted significant investigation of the facts and law during the prosecution of this Action. Such investigation has included, *inter alia,* the exchange of information pursuant to informal and formal discovery; depositions of the Representative Plaintiffs, and of corporate representatives of Ryan's and EDSI (Ryan's arbitration service provider); extensive interviews and/or surveys of certain Eligible Class Members; numerous meetings and conferences between representatives of the Parties, and interviews of numerous potential witnesses. Class Counsel and Ryan's Counsel have further investigated the applicable law as applied to the facts discovered regarding the causes of action and damages claimed in the Action, and the potential defenses thereto. In addition, the Parties engaged in an extensive session of mediated negotiation of this dispute conducted by Attorney Hunter Hughes in Atlanta,

Georgia, on September 22, 2005, and thereafter continued intense and arms-length negotiations for a period of five months which culminated in this Settlement.

In addition to investigation and discovery related to the merits of the Action, the Parties vigorously litigated the validity of arbitration agreements entered between Eligible Class Members and EDSI, which resulted in two reported decisions, viz., *Walker v. Ryan's Family Steak Houses, Inc.,* 289 F. Supp. 2d 916 (M.D. Tenn. 2003), and *Walker v. Ryan's Family Steak Houses, Inc.,* 400 F. 3d 370 (6th Cir. 2005). Litigation of this issue culminated in a Petition for Certiorari filed by Ryan's in the United States Supreme Court in which Ryan's asked the Supreme Court to review and overturn this Court and the Sixth Circuit Court of Appeals decisions, which Petition was denied at 126 S.Ct. 730 (2005).

4. The Parties desire fully, finally, and forever to settle, compromise, and discharge the disputes and claims arising from or raised in the Complaint, and intend to accomplish the full and complete settlement and release of certain claims of Settlement Class Members related to this Action as set forth in Section 16.

5. Eligible Class Member(s) are eligible to participate in this Settlement by virtue of having been employed by Ryan's during the Recovery Period, and by meeting the other requirements of the Settlement.

6. Class Counsel have formally and informally investigated the facts of the Action, including extensive interviews and/or surveys of Eligible Class Members and depositions of the parties, including the Representative Plaintiffs and persons designated by Defendants as those persons most knowledgeable regarding the nature and size of the Eligible Class and the average wages, positions, and workweeks worked by Eligible Class Members during the Recovery Period. Class Counsel has diligently investigated the claims asserted in the Complaint against Ryan's. Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the Settlement is fair, reasonable, adequate, and is in the best interest of the Settlement Class in light of all known facts and circumstances, including the risk of significant delay, further litigation and the numerous defenses and the actual and potential issues Ryan's is

and/or would assert, including decertification of the conditionally "certified" similarly situated class.

7. The Parties agree to cooperate and to take all steps reasonable, necessary and appropriate to dismiss with prejudice the Complaint, and all causes of action contained therein, so as to avoid the necessity of further expense and litigation in the above-referenced matter.

### **TERMS AND SETTLEMENT**

8. NOW, THEREFORE, in consideration of the mutual covenants, promises and warranties set forth herein, the Parties agree as follows:

    a. That the Action and all claims for minimum wages or overtime during the Recovery Period for all Settlement Class Members who participate in this Settlement, whether based on federal or state laws, will be dismissed on the merits with prejudice, subject to the terms and conditions set forth in, and approval by the Court of, this Joint Stipulation.

    b. Neither Party shall have the right to appeal any order approving this Joint Stipulation, and all parties expressly waive the right to appeal such order.

    c. In consideration for the release of claims by the Settlement Class, Ryan's agrees to create a settlement fund of no less than Two Million Dollars ($2,000,000), and no more than Nine Million Dollars ($9,000,000), from which Eligible Class Members who timely file a Claim Form will be paid. The total amount Ryan's actually ends up paying will depend on the actual participation level in the Settlement by Eligible Class Members; however, in no event will the total amount paid by Ryan's to Settlement Class Members be less than Two Million Dollars ($2,000,000), or exceed Nine Million Dollars ($9,000,000). Settlement Class Members will receive a portion of the settlement fund based upon the following formula.

    d. Ryan's agrees to pay Settlement Class Members an amount equivalent to $18.25 for each workweek of active employment with Ryan's during the Recovery Period, provided the participation rate is such that the aggregate claims of Settlement Class Members

total between Two Million Dollars ($2,000,000) and Nine Million Dollars ($9,000,000). The number of workweeks allocated to each Settlement Class Member will be determined by Ryan's payroll records, and will be equal to the number of workweeks for which the employee received a paycheck for hours actually worked during the Recovery Period. In the event the participation level is such that the aggregate claims made by Settlement Class Members total less than Two Million Dollars ($2,000,000), the Claim Shares received by Settlement Class Members will exceed $18.25 per workweek. In the event the participation rate is such that the aggregate claims made by Settlement Class Members total more than Nine Million Dollars ($9,000,000), the amount received by Settlement Class Members will be less than $18.25 per workweek. The amounts paid to Settlement Class Members will be paid without offset or deduction for litigation costs, attorneys' fees, enhancement awards, or the costs of administering this Settlement; however, appropriate taxes will be withheld in accordance with Section 14(b).

9. Ryan's agrees to pay the cost of mailing the Notice to approximately 264,000 Eligible Class Members, and agrees to hire and pay the Settlement Administrator to provide additional settlement administration services and to handle the remaining claims process. None of the settlement administration costs incurred in this case will be paid by Settlement Class Members or deducted from any sum Ryan's is obligated to pay as a result of this Settlement.

10. Ryan's agrees that Settlement Class Members will pay no costs or attorneys fees from their Claim Shares or otherwise, and that Ryan's will pay costs and attorneys' fees separate from amounts received by Settlement Class Members. The attorneys' fees and costs Ryan's has agreed to pay are based upon the considerable work Class Counsel has performed, and will continue to perform into the foreseeable future, on behalf of Settlement Class Members. Specifically, Plaintiffs' Counsel have been investigating and working on this lawsuit since

calendar year 1999, and have spent thousands of hours working on all aspects of this case, including successfully opposing a Petition for Certiorari filed by Ryan's in the United States Supreme Court in which Ryan's asked the Supreme Court to review and overturn this Court's and the Sixth Circuit Court of Appeals' decisions invalidating arbitration agreements between Ryan's/EDSI and Eligible Class Members. Based upon the work performed by Class Counsel and the success achieved on behalf of Settlement Class Members, Ryan's agrees to pay Class Counsel between Three and One-Half Million ($3,500,000) and Four and One-Half Million Dollars ($4,500,000)[1] for all attorneys' fees, costs, and expenses incurred in connection with Class Counsels' work in this case since 1999 through the conclusion of this case and the resolution of the settlement administration process. Ryan's has agreed to pay these fees, costs and expenses in addition to amounts paid to Settlement Class Members; therefore, no portion of the attorneys' fees, costs or expenses will be paid by Settlement Class Members or deducted from the Settlement proceeds.

11. Ryan's agrees to pay an additional One Hundred Thousand Dollars ($100,000) in enhancement payments divided among approximately 43 Settlement Class Members who opted-into this case early on and who provided timely assistance and help essential in producing a favorable result on behalf of the Settlement Class by participating in the discovery process, giving depositions under oath, providing evidentiary support for the case, submitting declarations, counseling and attending meetings with Class Counsel, making strategic decisions on behalf of the class, assisting in and/or attending mediation sessions with Ryan's, and providing other necessary assistance and services. Ryan's agrees to pay these enhancement

---

[1] The amount paid as costs/attorneys' fees to Class Counsel will be determined based upon the level of Eligible Class Member participation and in accordance with the Parties' settlement confirmation letter dated February 7, 2006, attached hereto as Exhibit 5.

payments in addition to amounts paid to Settlement Class Members and to Class Counsel; therefore, no portion of the enhancement payments will be paid by participants in this Settlement or deducted from the Settlement proceeds.

## THE SETTLEMENT ADMINISTRATOR

12. a. The Settlement Administrator shall be Garden City Group, Inc., ("Garden City"), P. O. Box 91136, Seattle, Washington 98111-9236. In the event Garden City is unable to serve as Settlement Administrator, Ryan's and/or Ryan's Counsel shall select, with the consent of Class Counsel which consent shall not unreasonably be withheld, another individual or entity to administer the Settlement (the "Settlement Administrator").

b. Ryan's shall timely provide all records and/or information to the Settlement Administrator necessary to permit the expeditious and proper performance of its duties. In addition to any other duties or obligations outlined in this Joint Stipulation, the duties of the Settlement Administrator shall include: (i) the mailing of Notices, Claim Forms and Questionnaires to Eligible Class Members; (ii) taking all steps reasonably necessary to ensure that each Eligible Class Member timely receives a Notice, Claim Form and Questionnaire; (iii) communicating with Eligible and/or Settlement Class Members regarding the claims process, corrections and/or additional information needed for Claim Forms, or for any other reasons deemed reasonably necessary by the Settlement Administrator in order to ensure that the highest percentage of Eligible Class Members receive the Notice, Claim Form and Questionnaire, and that Eligible Class Members who wish to participate in this Settlement are permitted to do so; (iv) the utilization of available methods to ensure the most up-to-date and accurate addresses for Eligible Class Members; (v) conducting address searches on all returned, undelivered mail in a timely fashion, and re-mailing Notices, Claim Forms and Questionnaires to Eligible Class Members for whom addresses are found; (vi) providing toll-free interactive voice recording telephone support, which includes an option for accessing live operator assisted support during regular business hours; (vii) the maintenance of any database deemed reasonably necessary by the Settlement Administrator to fulfill its duties; (viii) the receipt and control of all returned

Claim Forms and/or Questionnaires and documentation of same; (ix) the calculation of Claim Shares; (x) the timely mailing and, if necessary, re-mailing of Claim Share checks to Settlement Class Members; (xi) any and all other duties as agreed to or as is necessary consistent with the terms, purposes and goals of this Joint Stipulation.

  c. Neither Ryan's nor Plaintiffs, nor their respective Counsel, shall interfere in any way with the performance of the Settlement Administrator's duties with the purpose and/or effect of limiting or attempting to limit or interfere with the submission or receipt of Claim Forms and/or Questionnaires from Eligible Class Members, or with the inclusion of Eligible Class Members desiring to participate in this Settlement. Neither Party shall engage in conduct intended to materially affect the level of participation of Eligible Class Members or the opt-in rate. Class Counsel shall not engage in any conduct which could adversely and materially affect the completion and/or return of the Questionnaire that is to be mailed with the Notice and Claim Forms.

  d. All disputes, if any, relating to the Settlement Administrator's ability to perform its duties shall be referred to the Court, which will have continuing jurisdiction over the terms and conditions of this Joint Stipulation.

## SETTLEMENT ADMINISTRATION/CLAIMS PROCESS

13. a. Within fifteen (15) business days after Court approval of this Joint Stipulation, the Notice in the form attached hereto as <u>Exhibit 1</u>, Claim Form in the form attached hereto as <u>Exhibit 2</u>,[2] and the Questionnaire in the form attached hereto as <u>Exhibit 3</u> shall be forwarded, via first class mail, by the Settlement Administrator to each Eligible Class Member contained in the database furnished to the Settlement Administrator by Ryan's, which database shall include at least 263,844 Eligible Class Members.

  b. The parties further agree that the Questionnaire attached as <u>Exhibit 3</u> will be mailed to Eligible Class Members with the Notice and Claim Form (<u>Exhibits 1</u> and <u>2</u>). A

---

[2] The Parties anticipate that modest, mutually consensual revisions to these <u>Exhibits</u> may be necessary to conform to the realities of, or changes in, the claim process as suggested by the Settlement Administrator or otherwise.

postage pre-paid envelope addressed to the Settlement Administrator will be provided to Eligible Class Members (at Ryan's expense) for use in mailing completed Questionnaires and Claim Forms to the Settlement Administrator. Ryan's agrees that completion and return of the Questionnaire by Eligible or Settlement Class members is entirely voluntary; that responses to the Questionnaire cannot (and will not) be used in the administration of the settlement claims process; that responses to the Questionnaire cannot (and will not) be used to challenge any Eligible or Settlement Class Member's choice or right to participate in the Settlement; and that responses to the Questionnaire cannot (and will not) be used by Ryan's as a basis to initiate any civil, criminal, administrative or other action against Eligible Class Members, Settlement Class Members, and/or any other individual who responds to the Questionnaire.

  c. Within ten (10) days following the mailing of <u>Exhibits 1-3</u>, the Settlement Administrator shall provide Class Counsel with a certification verifying the total number of potentially recoverable workweeks set forth and/or identified on Claim Forms mailed to Eligible Class Members.

  d. For an Eligible Class Member to participate in the Settlement Class, he or she must sign, date and mail the completed Claim Form by postage pre-paid U.S. first class mail, send it by fax, or otherwise forward the Claim Form to the Settlement Administrator prior to the Claim Deadline; <u>except that</u> the Claim Form of any Eligible Class Member which was returned undeliverable after the initial mailing, and thereafter is re-mailed by the Settlement Administrator within the 21 days preceding the Claim Deadline, will be accepted as timely if it is transmitted or mailed to the Settlement Administrator within the 15-day period following the Claim Deadline. The U.S.P.S. date stamp, or other documented transmittal date, will determine timeliness of submissions.

  e. The Settlement Administrator will run the Eligible Class Member contact/address list through the National Change of Address Data Base maintained by the U.S.P.S. prior to the mailing of the Notices and Claim Forms. In addition, Class Counsel will be permitted to supply the Settlement Administrator updated contact information for the current

10
JOINT STIPULATION OF SETTLEMENT
Case 3:02-cv-01078    Document 103    Filed 03/17/06    Page 10 of 19 PageID #: 40

Plaintiffs who have opted-in to the Action. Ryan's will provide the Settlement Administrator with the social security numbers of those Eligible Class Members whose Notices, Claim Forms and Questionnaires are returned to the Settlement Administrator as undeliverable by the U.S.P.S.; the Settlement Administrator will utilize this additional information in an effort to obtain current mailing address information, and will then conduct one additional re-mailing of the Notices, Claim Forms and Questionnaires based on corrected mailing addresses resulting from this process.

      f.    The Settlement Administrator shall provide copies of the filed Claim Forms to Class Counsel in batches as they are received on a weekly basis, along with any accompanying documents or other material received from Eligible Class Members, excluding returned Questionnaires.

      g.    Eligible or Settlement Class Members who dispute their dates of employment or the number of active workweeks with Ryan's during the Recovery Period must provide convincing documentary or other evidence (other than an unsubstantiated belief or memory) that will establish that the date(s) indicated on the Claim Form are incorrect; otherwise, Ryan's records will be presumed to be correct. Ryan's agrees to provide to Class Counsel the actual payroll and employment records of Eligible or Settlement Class Members who dispute the accuracy of their Claim Form information, or who did not receive a Claim Form but claim a right to participate in the Settlement. In the event of any such disputes, the Settlement Administrator shall make the final determination, subject to review, if necessary, by the Court. Additionally, Ryan's and/or the Settlement Administrator agree to provide Claim Form data[3] to Class Counsel to verify the eligibility and entitlement, if any, of a) Eligible Class Members who contact Class Counsel regarding the Settlement and b) Settlement Class Members and/or persons who file Claim Forms.

---

[3] "Claim Form data" refers to the payroll and/or employment history in the format provided by Ryan's to the Settlement Administrator.

h. Within twenty (20) days following the Claim Deadline, the Settlement Administrator shall provide to Class Counsel and Ryan's Counsel (and the Court, if requested) a declaration of due diligence and proof of mailing certifying (i) the mailing of Notices, Claim Forms and Questionnaires to Eligible Class Members; (ii) attempts to locate Eligible Class Members; (iii) the total number of potentially recoverable workweeks set forth and/or identified on Claim Forms mailed to Eligible Class Members; (iv) the total number of recoverable workweeks actually claimed by Settlement Class Members; and (v) that a spreadsheet attached to such declaration contains an accurate listing of the identities of the Settlement Class.

i. As soon as practicable following receipt of the Settlement Administrator's declaration described in Section 13(h) and prior to the mailing of settlement checks to Settlement Class Members, the Parties shall file the Final Order of Dismissal in the form attached hereto as Exhibit 4, which shall attach and incorporate the spreadsheet described in Section 13(h)(v) which sets forth the identities of the Settlement Class Members whose claims are being dismissed with prejudice.

## PAYMENTS TO SETTLEMENT CLASS MEMBERS

14. a. On the Disbursement Date, the Settlement Administrator shall send settlement checks constituting the net (after withholding) Claim Share amounts to Settlement Class Members via first class mail. Such settlement checks shall note on their face that they are void if not cashed within ninety (90) days of issuance.

b. The Parties agree that IRS Forms W-2 and 1099 will be distributed to Settlement Class Members reflecting the payments they receive under the Settlement, and that one-half of the settlement sum received by such Settlement Class Members will be considered as taxable wages from which withholdings will be made, while the remaining half will be considered liquidated damages from which no withholding will be made.

c. In the event settlement checks are returned to the Settlement Administrator with a forwarding address, the Settlement Administrator shall promptly re-mail such checks to Settlement Class Members at the newly identified forwarding addresses. If unclaimed checks

12
JOINT STIPULATION OF SETTLEMENT
Case 3:02-cv-01078 Document 103 Filed 03/17/06 Page 12 of 19 PageID #: 42

representing claimed settlement funds remain even after such re-mailing, the Settlement Administrator shall promptly notify Class Counsel as to the identity of all Settlement Class Members who have unclaimed checks. Class Counsel shall have forty-five (45) days from notification of such unclaimed checks within which to provide the Settlement Administrator with corrected mailing addresses for such unclaimed checks. The Settlement Administrator shall conduct one additional remailing of unclaimed settlement checks for each Settlement Class Member that Class Counsel provides a corrected mailing address. If the Settlement Class Member cannot thereafter be located, or Settlement Class Member Claim Share checks remain uncashed after they have expired, then the Settlement Class Member's Claim Share shall be forfeited and Class Counsel shall make a distribution of the Claim Share to National CASA (Court Appointed Special Advocates for Children), a duly registered Section 501(c)(3) charity and non-profit organization.

      d. As soon as practicable, the Settlement Administrator shall provide to Class Counsel and Ryan's Counsel (and the Court, if requested) a declaration verifying the identities of Settlement Class Members to whom settlement checks were mailed, the date(s) of mailing, and the amount of the checks.

## PAYMENT OF ENHANCEMENT AWARDS AND COSTS/ATTORNEYS FEES

15.   a. On the Disbursement Date, the Settlement Administrator and/or Ryan's shall forward to the attention of Class Counsel separate checks constituting the enhancement payments described in Section 11 (totaling $100,000) made payable to the approximately 43 recipients thereof in amounts to be provided by Class Counsel. These payments shall be in addition to any Claim Share the recipients of such enhancement payments may receive based on his or her status as a Settlement Class Member.

      b. Class Counsel shall be solely responsible for distributing the checks constituting enhancement payments to the recipients thereof. If a recipient of an enhancement payment cannot be located by Class Counsel within a reasonable period of time, then his or her enhancement payment shall be forfeited, and Class Counsel shall make a *cy-pres* distribution of

such enhancement payment to National CASA (Court Appointed Special Advocates for Children), a duly registered Section 501(c)(3) charity and non-profit organization.

      c.      The Parties agree that IRS Forms 1099 will be distributed to the recipients of enhancement payments reflecting the amount of enhancement payments made to them; none of the enhancement payments shall be treated as damages for wages and shall be subject to 1099 reporting only. IRS Forms 1099 will be sent to Class Counsel reflecting the amount of costs and attorneys' fees paid to Class Counsel by Ryan's in connection with this settlement; the Parties acknowledge and agree that these costs and attorneys' fees are being paid directly to Class Counsel in lieu of any statutory claim that the Settlement Class Members might have for the recovery or reimbursement of their reasonable attorneys' fees and costs.

      d.      On the Disbursement Date, the Settlement Administrator and/or Ryan's shall pay Class Counsel's attorneys' fees, costs and expenses (collectively, the "Attorneys' Fees") in an amount determined in accordance with Section 10.

      e.      Although the Attorneys' Fees will be paid directly to Class Counsel by Ryan's and/or the Settlement Administrator, separate from the Claim Shares paid to the Settlement Class, Ryan's has been advised by its tax advisors that it must report the Attorneys' Fees paid to Class Counsel as income to the Settlement Class Members. Therefore, Ryan's will send a Form 1099 to the IRS and to each Settlement Class Member reflecting that Member's pro rata share of the total Attorneys' Fees paid to Class Counsel by Ryan's; each Settlement Class Member's pro rata share shall be determined by multiplying the total Attorneys' Fees paid to Class Counsel by a fraction, the numerator of which shall be the dollar amount of the particular Settlement Class Member's Claim Share, and Enhancement Award, if any, and the denominator of which is the sum of the total amount of all Claim Shares paid to the Settlement Class pursuant to Section 8(d), plus the $100,000 Enhancement Award payments paid pursuant to Section 15(a). This Form 1099 shall be separate from and in addition to the Form 1099 sent to the Settlement

Class Members pursuant to Section 14(b), although they may be mailed together, and shall be accompanied by the following statement:

> **NOTICE:** The amount reported in Box 3 of the accompanying Form 1099 MISC represents your prorata portion, as a member of the Settlement Class, of the total attorneys' fees, costs and expenses paid by Ryan's, Inc. to Class Counsel pursuant to the Settlement approved by the Court in the case of *Erric Walker et al. v. Ryan's Family Steak Houses, Inc.*, Case No. 3-02-1078, United States District Court for the Middle District of Tennessee. You should consult with your tax advisor as to any obligation to report this amount as income, or any right to deduct all or any portion of this amount.

## RELEASE BY THE CLASS

16. Contingent upon the performance by Ryan's and the Settlement Administrator of their respective undertakings pursuant to this Joint Stipulation, including but not limited to the payment to the Settlement Class Members of their respective Claim Shares, all claims for minimum wages and/or overtime during the Recovery Period for all Settlement Class Members, whether based on federal or state laws (as well as derivative claims related thereto such as attorneys' fees, liquidated damages, and interest), are being released as part of the Settlement, and the claims asserted in the Action will be dismissed on the merits with prejudice. All Settlement Class Members will thereafter be barred from instituting or prosecuting any other action against Ryan's asserting or relating to any of the released claims. The release does not apply to unrelated claims, such as claims for wrongful discharge, retaliation, workers compensation, or other claims other than those for unpaid overtime and minimum wage claims (as well as derivative claims related thereto such as attorneys' fees, liquidated damages, and interest) arising during the Recovery Period of November 12, 1999 to August 2, 2005; nor does it apply to any claims pertaining to events occurring after the Recovery Period.

## DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

17. Promptly upon the Parties' execution of this Joint Stipulation, the Parties shall apply to the Court for the entry of an Order, attached as Exhibit 6, seeking the following:

    a. Approval of this Joint Stipulation and of the Settlement described herein.

b. Approval as to form and content of the proposed Notice attached hereto as Exhibit 1.

c. Approval as to form and content of the proposed Claim Form attached hereto as Exhibit 2.

d. Approval as to form and content of the proposed Questionnaire attached hereto as Exhibit 3.

e. A direction to mail the Notice, Claim Form and Questionnaire by first class mail to Eligible Class Members.

**NO RETALIATION OR INTIMIDATION PERMITTED**

18. Ryan's has agreed: that it will not contact employees eligible to participate in this Settlement for the purpose of attempting to influence them or to cause them not to participate in this Settlement; that it will not take any adverse employment action, or otherwise target, retaliate or discriminate against any employee who elects or indicates an intention to participate in this Settlement because of their decision to participate or not participate in this Settlement; and that its officers, directors, management employees and/or agents, will use their best efforts neither to make nor cause to be made any communication, either directly or indirectly, whether written, verbal, electronic, or otherwise, to any Ryan's management personnel which would permit the identification of any employee who elects or declines to participate in the Settlement. Ryan's will treat the decision of individual employees to elect or decline to participate in the Settlement as confidential, and will disclose such decision only on a "need to know" basis, or as may be required by law.

**PARTIES' AUTHORITY**

19. The signatories hereto hereby represent that they are fully authorized to enter into this Joint Stipulation and bind Ryan's and Plaintiffs to the terms and conditions hereof.

**MUTUAL FULL COOPERATION**

20. Ryan's and Plaintiffs agree to cooperate fully with each other to accomplish the terms of this Joint Stipulation, including but not limited to, executing such documents and taking

such other action as may reasonably be necessary to implement the terms of this Joint Stipulation. Ryan's and Plaintiffs shall use their best efforts to effectuate the goals, obligations and duties contemplated in this Joint Stipulation, or as otherwise required by the Court. As soon as practicable after execution of this Joint Stipulation, both Ryan's and Plaintiffs will take all reasonably necessary steps to secure the Court's approval of this Joint Stipulation. Further, Ryan's and Plaintiffs agree to cooperate in the settlement administration and claims process.

### ENFORCEMENT ACTIONS

21. In the event that Ryan's or any Settlement Class Member or Plaintiff institutes any legal action, arbitration or other proceeding against the other to enforce the provisions of this Joint Stipulation or to declare rights and/or obligations under this Joint Stipulation, the successful litigant shall be entitled to recover from the unsuccessful litigant reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement action. In the event Ryan's fails to timely pay or fund the monies it is required to pay by terms of this Joint Stipulation, Plaintiffs may, at their option, declare all agreements or Joint Stipulations regarding settlement between the Parties null and void or, alternatively, enforce the provisions of this Joint Stipulation.

### CONSTRUCTION

22. Ryan's and Plaintiffs agree that the terms and conditions of this Joint Stipulation are the result of lengthy, intensive arms-length negotiations between them, and that this Joint Stipulation shall not be construed in favor of or against either Ryan's or Plaintiffs by reason of the extent to which they, or their respective counsel, participated in the drafting of this Joint Stipulation.

### CAPTIONS AND INTERPRETATIONS

23. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Joint Stipulation or any provision hereof. Each term of this Joint Stipulation is contractual and not merely a recital.

## MODIFICATION

24. This Joint Stipulation may not be changed, altered, or modified, except in writing and signed by Ryan's and Plaintiffs, or by their respective duly authorized agents**.** This Joint Stipulation may not be discharged except by performance in accordance with its terms or by a writing signed by Ryan's and Plaintiffs, or by their respective duly authorized agents.

## INCORPORATION OF SETTLEMENT LETTER

27. This Joint Stipulation incorporates, and is intended to be read consistently and *in pari materia* with, the terms set forth in the Parties' settlement confirmation letter dated February 7, 2006 (and Exhibits A-C which accompany it), attached hereto as Exhibit 5.

## BINDING ON ASSIGNS

28. This Joint Stipulation shall be binding upon and inure to the benefit of Ryan's and Plaintiffs and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

29. This Joint Stipulation may be executed in counterparts, including fax counterparts, and when at least one such counterpart has been signed and delivered, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Joint Stipulation, which shall be binding upon and effective as to Ryan's and Plaintiffs.

DATED: March 17, 2006  M. REID ESTES, JR.
STEWART, ESTES & DONNELL

By: /s *M. Reid Estes, Jr.*
      M. Reid Estes, Jr.

Attorneys for the Representative Plaintiffs
 and the Class

DATED: March 17, 2006   E. GRANTLAND BURNS, ESQ.
NEXSEN PRUET, LLC


By: <u>/s *E. Grantland Burns*</u> (With Permission)
   E. Grantland Burns, Esq.

James M. Coleman, Esq.
Constangy, Brooks & Smith, LLC

William A. Blue, Esq.
Constangy, Brooks & Smith, LLC

Attorneys for the Defendant